# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| GLORIA WELLS,<br><br>    Plaintiff,<br><br>vs.<br><br>SHERIFF JIM CASHILL, et al.,<br><br>    Defendants. | Cause No. CV 11-00069-BU-RFC-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

On February 17, 2012, this Court issued an Order finding that Plaintiff Gloria Wells' Complaint failed to state a claim upon which relief could be granted, but allowed her until March 9, 2012, to amend her complaint on several issues. (*Court Doc. 6*). She did not do so.

On March 26, 2012, Findings and Recommendations were issued recommending that the case be dismissed. (*Court Doc. 7*). On April 13, 2012, Wells filed a motion to reopen the case. (*Court Doc. 8.*) The Court withdrew its Findings and Recommendations and gave Wells until May 25, 2012 to amend her complaint. (*Court Doc. 9*). The Court specifically

stated:

> Wells has not diligently pursued the prosecution of this case. She admittedly received the Order allowing her the opportunity to amend her complaint and yet she waited until her case was almost dismissed before she contacted the Court about the difficulties she is enduring. The Court will not tolerate any further dilatory tactics.

(*Court Doc. 9, p. 2*).

Wells has again failed to amend her complaint despite the second opportunity to do so. Accordingly, for the reasons set forth in the Order of February 17, 2012 (*Court Doc. 6*), the Court issues the following:

## RECOMMENDATIONS

1. Wells's Complaint (*Court Doc. 2)* should be dismissed.

2. The Clerk of Court should be directed to enter a judgment of dismissal and close this case.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Wells's failure to state a claim upon which relief may be granted is so clear that no reasonable person could suppose that

an appeal would have merit. She has failed to prosecute her case.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Wells may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Wells files objections, she must itemize each factual finding to which objection is made and must identify the evidence in the record she relies on to contradict that finding. In addition, she must itemize each recommendation to which objection is made and must set forth the authority she relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Wells from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of June, 2012.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge